EATON vs. JENKINS and others.

1. Where the answer is directly responsive to the bill upon matters of fact, upon which the whole equity of the bill depends, and which are within the personal knowledge of the defendant, the injunction will be dissolved.

2. The truth of responsive allegations in an answer, cannot be tried by the court upon counter affidavits and affidavits in rebuttal, on a motion to dissolve an injunction.

This was an application to dissolve an injunction granted to restrain the defendants, who were commissioners under

special acts of the legislature, to improve the streets in Irvington, from selling the complainant's lands for an assessment. The assessment was made for a plank sidewalk laid in front of the complainant's lands. The complainant contends that the strip on which the sidewalk was laid, was not part of the public highway, but his own private property.

*Mr. John Whitehead*, in support of the motion.

*Mr. T. Runyon*, contra.

THE CHANCELLOR.

The complainant in his bill alleges, that the land upon which the defendants constructed the sidewalk, was his own private property, in or over which the public had no right or claim whatever. He alleges that his father and he had successively owned the land for thirty-five years continuously next before the laying of said sidewalk, and avers, "that neither his father nor he ever dedicated to the public the land covered by the said pavement, or any part thereof."

To this bill the defendants answer, "that for sixty years the public have used said land as a public road or highway, without any let, molestation, or disturbance of the owners of said premises, and that said complainant and his father, for more than thirty-eight years last past, have acquiesced in such use by the public without any restraint or objection from them, or either of them;" "and that by such acquiescence by the complainant and his father, said complainant has actually dedicated said sidewalk to the public."

Isaac O. Wade, one of the defendants, who swears to the truth of the answer, says in his affidavit annexed to it, that he knew these facts of his own personal knowledge, and this part of the answer being directly responsive to the bill upon a matter of fact on which the whole equity of the bill depends, must be taken as true, and the injunction must be dissolved.

A great number of affidavits are produced by the complainant, upon this matter of dedication. But by the forty-third

Eaton *v.* Jenkins.

rule, no affidavits can be read on part of the complainant on this application, except in reply to new matter set up in the answer. This is not new matter; and although there may be other matters set up in the answer that are new, that will not entitle the complainant to read any affidavits in reply to this, which is not new. The truth of responsive allegations in the answer, cannot be tried by the court upon counter, affidavits, and affidavits in rebuttal, on a motion to dissolve an injunction.

Let the injunction be dissolved.